ORME, Judge
(concurring in part and dissenting in part):
1 31 I concur in the lead opinion except for its conclusion that Denos's failure to file a timely rule 412 motion precluded him from cross-examining E.M., who was only seventeen at the time of the incident, about why she felt " 'guilty' and 'stupid' because she had 'been reckless 'and done bad things'" and from cross-examining Friend about the circumstances of E.M.'s crying "when she encountered Friend the next morning." These were topics introduced by the State's witnesses and Denos had every right to examine E.M. and Friend about their testimony.
T 32 There is nothing in this testimony that would necessarily implicate rule 412 or the policy underlying it. For all we know, E.M. would explain that she felt guilty and stupid for drinking too much, that she was reckless for using illegal drugs, and that she had done bad things because she stole money from her friends' purses during the party. For all we know-and the lead opinion points out that there is little or nothing in the record bearing on what the testimony would have been had Denos been permitted to pursue his intended cross-examination-Friend would have explained that E.M. was upset because she did not have permission to stay the night and was going to be in big trouble when she got home.
1 33 I do agree that if the testimony were along these or similar lines, Denog's failure to comply 'with rule 412 would have precluded him from directly asking about prior sexual conduct on E.M.'s part. But if E.M.'s or Friend's answers included disclosures about prior sexual conduct by E.M., the responsibility would not lie with Denos and rule 412 would not apply. If the seenario played out that way, it would be fair to regard the State-or at least these witnesses-as having opened the door by introducing the subjects of guilt, stupidity, recklessness, "bad things," and crying.
34 It was categorically unfair to permit the witnesses to trot these characterizations out yet preclude Denos from subjecting them to cross-examination, thereby leaving the jury to speculate about what explained the behaviors vaguely touched upon by E.M. and Friend. Because Denos's right to cross-examine this testimony was preempted completely, and not just to the extent of his asking directly about E.M.'s prior sexual conduct, his confrontation rights were violated. For this reason, I would reverse his convie-tions and remand for a new trial.